IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>           Plaintiff,         )<br>                              )     CRIMINAL NO.  14-30142-MJR<br>     vs.                      )<br>                              )<br> JOSEPH E. SUGGS,             )<br>                              )<br>           Defendant.         ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE**

Comes now Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Laura V. Reppert, Assistant United States Attorney for said District, and hereby requests that this Honorable Court deny Defendant's Motion for Leave (Doc. 44) and strike Defendant's Motion to Suppress (Doc. 45) as untimely. In support, the Government states as follows:

1) Defendant was indicted on July 23, 2014 on one count of Production of Child Pornography (Doc. 1).

2) Defendant appeared before the Honorable Judge Donald Wilkerson on July 31, 2014 for his Initial Appearance and Arraignment. On that date, an Order Regarding Pre-Trial Discovery and Motion Practice was entered (Doc. 14). That Order states in part, "If a party desires to file any other motion, **including a motion to dismiss the indictment or a motion to suppress,** the motion shall be filed within **21 days** of the arraignment and supported by a memorandum of law" (Doc. 14, ¶ 5 – emphasis in original). Accordingly, any pretrial motions, including a motion to suppress, should have been filed by August 21, 2014.

3) On August 1, 2014, Assistant Federal Public Defendant Thomas Gabel entered his appearance (Doc. 16). No pretrial motions were filed within the time prescribed by Judge Wilkerson's Order. No motion requesting an extension of time to file pretrial motions was filed.

4) On February 4, 2015, AFPD Thomas Gabel filed a Motion to Withdraw as Attorney (Doc. 36). On that same day, that Motion was granted and this Honorable Court appointed current counsel (Doc. 37).

5) On February 18, 2015, counsel filed a Motion to Continue the jury trial slated for March 16, 2015 (Doc. 38). No motion was filed to extend the time to file pretrial motions or to seek leave to file pretrial motions. The Motion to Continue trial was granted (Doc. 39).

6) On May 13, 2015, counsel filed a Motion to Continue the jury trial slated for June 8, 2015 (Doc. 40). No motion was filed for leave to file pretrial motions. The Motion to Continue trial was granted (Doc 41).

7) Federal Rule of Criminal Procedure 12(b)(3)(C) requires that motions to suppress be filed before trial. FRCP 12(c)(1) states that the Court can set a deadline for the parties to make pretrial motions. FRCP 12(c)(3) states that "if a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause" Fed. R. Crim. P. 12.

8) Discovery was initially tendered to AFPD Thomas Gabel on August 7, 2014. Discovery tendered contained the circumstances of Defendant's initial arrest for disorderly conduct such that AFPD Gabel could have filed a motion to suppress for lack of probable cause.

9) While the Government does not know exactly when discovery was transferred from the Federal Public Defender's Office to current counsel, it presumes that it would have

occurred shortly after his entry of appearance on February 4, 2015; thus, counsel would have had the necessary reports and information to file a motion to suppress. In the alternative, counsel could have filed a motion for leave to file pretrial motions or a motion for extension of time to file pretrial motions. None of this was done until July 7, 2015 – nearly five months after counsel's entry on this case.

10) FRCP 12(c)(3) allows a court to consider a request to file a motion out of time "if the party shows good cause." The Government submits that no good cause has been shown by counsel. Admittedly, there have been some logistical difficulties in allowing counsel and his client to view sensitive materials in this case for discovery purposes – an issue the parties are working on together. That being said, these logistical difficulties and the images at issue in this case are not the basis for the motion to suppress; rather, it is Defendant's initial arrest for disorderly conduct. The Government believes that counsel would have had the necessary police reports in February 2015 to be able to formulate the basis for his motion to suppress. Counsel has filed two motions to continue trial – one on February 18, 2015 and one on May 13, 2015 – but did not seek leave to file a motion to suppress at those times or any other time until July 7, 2015, approximately eight weeks before trial is currently schdeuled and approximately three weeks before the scheduled final pretrial conference.

11) Additionally, counsel states that that he believes his motion to suppress is meritorious. The Government disagrees. He essentially states that there was no probable cause to believe that the Defendant engaged in conduct which would "disturb the public peace and quiet or [was] likely to provoke a breach of the peace" Belleville Ordinance 30-1-2 (F). He notes that on June 7, 2014, the Belleville Police Department received a call for a

report of kids messing around by a vacant house in the 100 block of South 44th Street in Belleville. Officers responded to that area and their subsequent inquiries of the juveniles and Defendant revealed that the Defendant had paid the juveniles money to photograph them in various poses, including photographs of them with their shorts down and bent over and photographs of them with their shorts pulled down below their pubic area. The fact that the Belleville Police Department received a call for assistance regarding what was going on demonstrates that there was a disturbance of the public peace. Should the Court allow counsel to file his untimely motion, the Government will file a more detailed response.

Wherefore counsel for the United States of America respectfully requests that this Honorable Court deny Defendant's Motion for Leave (Doc. 44) and strike Defendant's Motion to Suppress (Doc. 45) as untimely.

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    *s/ Laura V. Reppert*
    LAURA V. REPPERT
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL  62208
    Tel: (618) 628-3700
    Fax:  (618) 628-3730
    E-mail: Laura.Reppert@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) CRIMINAL NO. 14-30142-MJR ) ) |
| JOSEPH E. SUGGS, | ) ) |
| Defendant. | ) ) |

**Certificate of Service**

    I hereby certify that on July 9, 2015, I caused to be electronically filed **Government's Response to Defendant's Motion for Leave to File** with the Clerk of Court using the CM/ECF system, which will send notification to:

    Michael Ghidina – msghidina@aol.com

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    *s/ Laura V. Reppert*
    LAURA V. REPPERT
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL  62208
    Tel: (618) 628-3700
    Fax:  (618) 628-3730
    E-mail: Laura.Reppert@usdoj.gov