IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSEPH E. SUGGS, )<br>)<br>Defendant. ) | CRIMINAL NO.  14-30142-MJR |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

Comes now Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Laura V. Reppert, Assistant United States Attorney for said District, and hereby requests that this Honorable Court deny Defendant's Motion in Limine in part (Doc. 53). In support, the Government states as follows:

1) On June 7, 2014, the Belleville Police Department received a call for a report of kids messing around by a vacant house in the 100 block of South 44th Street in Belleville. Officers responded to that area and their subsequent inquiries of the juveniles, identified as M.W. and T.G., revealed that the Defendant had paid the juveniles money to photograph them in various poses. The Defendant, who was on scene, voluntarily showed Belleville Police Officer J. Nowak photographs on his camera including photographs of M.W. and T.G. with their shorts down and bent over and photographs of them with their shorts pulled down below their pubic area. Defendant was subsequently arrested. Officers seized the camera in his possession and a memory card found in his pocket and logged them as evidence.

2) Both M.W. and T.G. were interviewed by detectives with the Belleville Police Department.

3) M.W. indicated that he was with his friend, T.G., when they were approached by the Defendant. The Defendant offered them money to take photographs of them. M.W. stated that the Defendant asked them how old they were. M.W. told him he was 16 years old and T.G. told him he was 14 years old, adding that T.G. lied as he was only 13 years old. M.W. indicated that Defendant showed him and T.G. photos of nude females and nude males on a laptop in Defendant's car. M.W. stated Defendant took photos of him and T.G. near some railroad tracks in a park. He stated Defendant offered more money in exchange for nude photos. M.W. admitted that he got in Defendant's car and Defendant had him pull out his penis and Defendant took photographs of him with his penis exposed. M.W. also admitted that Defendant touched his penis. M.W. indicated that T.G. was going to get in the car next, but the police arrived.

4) T.G. indicated that he and M.W. were in a park when they were approached by the Defendant. T.G stated that the Defendant offered them money to take photographs of them. T.G. stated that he lied and told Defendant he was 14 years old so that he could make some money. He indicated that Defendant showed him and M.W. photographs of boys on a laptop while they were in his car. T.G. indicated that Defendant took pictures of him and M.W. with their pants sagged and Defendant told them to bite their lip for the photographs. T.G. stated that Defendant asked him three or four times to take nude photos but he did not want to. T.G. stated that M.W. got in the front seat of Defendant's car while he stood at the rear of the vehicle. T.G. stated he did not see what happened in the car. T.G. stated that when M.W. got out of the car, Defendant grabbed T.G.'s penis on

the outside of his shorts and asked him to take a picture of it. T.G. stated that the police arrived and questioned them about the incident.

5) In the course of the investigation, search warrants were executed on two memory cards seized from Defendant on June 7, 2014 – one from the camera that was in Defendant's possession and the one found in Defendant's pocket during a search incident to arrest. A search warrant was also executed at Defendant's residence on June 23, 2014. Various electronic media devices were recovered and examined. Also recovered from Defendant's residence were what were described as "male erotica books."

6) On the memory cards seized from Defendant on June 7, 2014, images were found of M.W. and T.G. Some of the images are of M.W. and T.G. together, clothed, and in various poses. Other images are just of M.W. Those images show M.W. near a statue in a Belleville park with his penis exposed and in the front seat of a vehicle with his penis exposed. Some of the photos show a third hand touching M.W.'s penis.

7) Other pornographic images were found on an external hard drive seized from Defendant's residence on June 23, 2014. These images include nude photos of males in various poses. The identities and ages of these males are unknown at this time. Also found on the external hard drive were some of the same images of M.W. found on the memory cards seized from Defendant on June 7, 2014.

8) Unless the proverbial door is opened, the Government has no intention of mentioning or introducing evidence regarding the photos of the nude males found on the external hard drive seized from Defendant's residence on June 23, 2014 and believed that was communicated to counsel for Defendant at the pretrial conference. Likewise, the

Government has no intention of mentioning or introducing evidence that male erotica was found at Defendant's residence.

9) The Government intends on introducing evidence regarding T.G., to include testimony from T.G. as to his observations and account of what happened on June 7, 2014 as well as photographs taken by Defendant of him and M.W. together. This evidence is relevant. It is necessary to introduce some of the photographs of M.W. and T.G. together to provide the jury an accurate picture of the events of June 7, 2014 and how the investigation commenced and ultimately progressed. The Government would again note that the photographs of T.G. and M.W. show them clothed, not nude. The Government would additionally note that the photographs of M.W. and T.G. have been made available for inspection for counsel for the Defendant and that the interview of T.G. was provided in discovery.

10) In Defendant's Motion in Limine (Doc. 53), counsel for Defendant states that introduction or reference to "other images that are not of M.W" would be highly prejudicial and without probative value (Doc. 53, Part I, Paragraphs 1 and 2). Counsel for Defendant requests to exclude any 404(b) evidence should it exist; however, acknowledges in his motion, "Discovery provided by the government to defendant does not indicate any 404(b) evidence" (Doc. 53, Part II, Paragraph 6).

11) As T.G.'s statements have been tendered in discovery, counsel for the Defendant does not seem to claim that statements or evidence involving T.G. qualifies as 404(b) evidence.

12) Counsel for Defendant does claim, however, that introduction of photographs that are not of M.W. would inflame the jury and would be prejudicial, not probative. The Government submits that the photographs of T.G. and M.W. are relevant, probative, and

as both T.G. and M.W. are clothed in the photographs, not prejudicial. Again, it is anticipated that the juvenile witnesses will testify that Defendant offered both of them money to take photographs of the both of them and did, in fact, take photographs of both of them. Additionally, law enforcement witnesses may testify to the content of those photographs to explain the progression of the investigation. As the photographs are not prejudicial and are relevant, the jury should be allowed to see those photographs.

Wherefore counsel for the United States of America respectfully requests that this Honorable Court deny Defendant's Motion in Limine (Doc. 53) with respect to images of T.G. and M.W.

                                             Respectfully submitted,

                                             STEPHEN R. WIGGINTON
                                             United States Attorney

                                             *s/ Laura V. Reppert*
                                             LAURA V. REPPERT
                                             Assistant United States Attorney
                                             Nine Executive Drive
                                             Fairview Heights, IL  62208
                                             Tel: (618) 628-3700
                                             Fax:  (618) 628-3730
                                             E-mail: Laura.Reppert@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 14-30142-MJR |
| vs. | ) |
| | ) |
| JOSEPH E. SUGGS, | ) |
| | ) |
| Defendant. | ) |

**Certificate of Service**

I hereby certify that on August 14, 2015, I caused to be electronically filed **Government's Response to Defendant's Motion in Limine** with the Clerk of Court using the CM/ECF system, which will send notification to:

    Michael Ghidina – msghidina@aol.com

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    *s/ Laura V. Reppert*
    LAURA V. REPPERT
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL  62208
    Tel: (618) 628-3700
    Fax:  (618) 628-3730
    E-mail: Laura.Reppert@usdoj.gov