### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cr-30142-MJR |
| | ) | |
| JOSEPH SUGGS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO WITHDRAW

REAGAN, Chief Judge:

At an April 15, 2016 hearing, the undersigned denied defense counsel's motion to withdraw in this 635-day old case. It was a somewhat atypical ruling but wholly justified on the record of this particular case. The Court enters this Order to supplement the reasons supporting denial which were articulated at the hearing. The lengthy procedural history of the case is directly relevant to resolution of the motion and furnishes the starting point of analysis.

In July 2014, Joseph Suggs (Defendant) was indicted on one charge of producing child pornography (a digital photo) on June 7, 2014, in violation of 18 U.S.C. 2251. Magistrate Judge Donald G. Wilkerson found Defendant financially unable to hire counsel and appointed the Federal Public Defender's Office. Assistant Federal Public Defender Tom Gabel entered his appearance. In September of 2014, Defendant filed a series of pro se motions, including a motion "to suppress evidence" and "to quash search warrant." The undersigned struck them, explaining that represented defendants

should file motions through counsel.  On November 7, 2014, Defendant moved for appointment of new counsel.

The undersigned held a hearing on November 19, 2014, listened to Defendant's concerns, and questioned both Defendant and Mr. Gabel.[1]  The Court denied Defendant's motion for appointment of new counsel.  Shortly thereafter, Defendant lodged an ethical complaint against Gabel with the Office of Chief Disciplinary Counsel of Missouri.  When he learned of the complaint in February 2015, Gabel moved to withdraw.  The Court granted the motion and appointed Criminal Justice Act panel attorney Michael Ghidina of Clayton, Missouri.  Mr. Ghidina vigorously prepared the case, providing zealous and tireless representation to Defendant from the moment of his appointment through motion hearings, an aborted change of plea hearing, a competency hearing, a final pretrial conference, a jury instruction conference, and other matters.  The case was ready to go to trial on January 11, 2016.

Six days prior to that setting, the grand jury returned a superseding indictment against Defendant, adding two charges from the same date (June 7, 2014).  The superseding indictment contains two counts of production and one count of attempted production of child pornography, in violation of 18 U.S.C. 2251(a) and (e).

---

[1]      Defendant complained, inter alia, that Mr. Gabel had not provided a copy of a statute to Defendant and had not filed a motion Defendant wanted - challenging the search and seizure of his camera and memory card.  Mr. Gabel stated that he had investigated the issues and the motions had no merit, i.e., there was no valid basis on which to file them.  Federal Public Defender Phil Kavanaugh (also present in the courtroom) verified that he, too, had looked into the issues, and he had advised Mr. Gabel that a motion to suppress on the grounds urged by Defendant would be "frivolous."

On January 7, 2016, the undersigned arraigned Defendant on the superseding indictment.  The Government offered to provide some limited additional discovery to defense counsel, and the issue of a trial continuance arose.  The undersigned took a break in the hearing to allow Defendant a thorough consultation with Mr. Ghidina, after offering Defendant three options:  proceed to trial as scheduled on January 11, 2016 (no continuance), continue trial to January 25, 2016 (a short continuance), or continue trial to April 25, 2016 (a long and *final* continuance).  After consulting with counsel, Defendant Suggs verified that he wanted a continuance, and he opted for the April 25th date.  Trial was continued on Defendant's unopposed oral motion, a written Order was entered, and the Court made clear the trial would start April 25th.

On February 5, 2016, Defendant moved for substitution/termination of counsel. Defendant claimed that Mr. Ghidina's representation had fallen below professional standards and that irreconcilable differences existed between himself and Mr. Ghidina. The undersigned held a hearing on February 24, 2016, questioned Defendant and Mr. Ghidina, listened patiently to Defendant's scattershot grounds for wanting Ghidina out as counsel, and denied Defendant's motion.  The undersigned specifically found that although Defendant was unhappy with Mr. Ghidina's tactical choices (e.g., refusal to pursue the suppression arguments Defendant wanted to advance or move to dismiss the indictment based on a Speedy Trial Act violation), Ghidina was providing effective assistance of counsel, and there was not a total lack of communication preventing an adequate defense and warranting appointment of new counsel.  Trial remained set April 25, 2016.

Shortly thereafter, Defendant filed more pro se pleadings, which the undersigned struck on March 7, 2016, noting that in five prior Orders the Court had admonished that such filings were inappropriate from a represented defendant. Unhappy with his inability to control the course of the proceeding (or to take an immediate interlocutory appeal from the Court's denial of the motion for substitution of counsel), Defendant chose to press the issue via another tactic.

On April 5, 2016, Mr. Ghidina moved to withdraw as defense counsel because he had just been advised that Defendant had filed an ethical complaint against him. Specifically, the motion explained that:  (1) after the Court's denial of Defendant's pro se motion for substitution of counsel (which was largely based on defense counsel's refusal to file baseless motions urged by Defendant), Defendant continued to insist on defense counsel pursuing these groundless issues, (2) Defendant and counsel continued to be at odds as to the defense of the case, and (3) Defendant had "recently advised counsel that he is filing a bar complaint against counsel with the Illinois Attorney Registration and Disciplinary Commission," straining the attorney/client relationship further (Doc. 85, p. 2).  Mr. Ghidina cited Illinois Rules of Professional Conduct 1.16(b)(2), (b)(4), (b)(5), and (b)(7) and maintained that withdrawal is appropriate where a client persists in a course of action the lawyer reasonably believes is fraudulent, the client insists on taking action with which the lawyer has a fundamental disagreement, the representation "has been rendered unreasonably difficult by the client," and "other good cause exists."

At a hearing on the motion held April 15, 2016, Mr. Ghidina repeated those grounds for permissive withdrawal under the Illinois Rules of Professional Conduct (applicable to attorneys in this District via Local Rule 83.2(b)) and added that the filing of an ARDC complaint generated a conflict of interest mandating withdrawal under Rule 1.7.   Mr. Ghidina also posited that the interest of justice would best be served if new counsel were appointed for Defendant.

The Court disagrees.   First, Defendant *has not*, in fact, *filed* an ARDC complaint against Mr. Ghidina.   Mr. Ghidina's withdrawal is not required at this juncture. Second, the record before this Court is replete with instances of obstructive conduct by Defendant which has protracted this case and thwarted its resolution.   From multiple in-court hearings and extended opportunities to observe, interact with, and question Defendant, the undersigned is convinced that Defendant – though competent to proceed and aided by superb counsel – is determined to stall his trial as long as possible by whatever means possible.   This obvious desire to put off the "day in court" Defendant claims to want is puzzling, given the fact he is detained awaiting trial, but it is not the task of the undersigned to speculate on Defendant's motivation.

What is clear is this.   The threat to file an ARDC complaint against his current attorney is Defendant's latest maneuver, whatever his motive.   Early in the case, the Court denied Defendant's attempted pro se filings of dispositive motions.   Then Defendant moved to oust his lawyer (Mr. Gabel) and have a new lawyer appointed for him.   The Court denied that motion on November 19, 2014.   Within six weeks,

Defendant lodged an ethical complaint against Mr. Gabel, forcing Gabel to move to withdraw as defense counsel.[2]

Fast forward to February 24, 2016, when the Court denied Defendant's motion to remove Mr. Ghidina and appoint another attorney.  Defendant sent pro se filings to the Clerk's Office, which were stricken on March 7, 2016, because not filed through counsel. Within three weeks, Defendant (using the tactic that worked for him with Gabel) told Ghidina that he was in the process of filing an ARDC complaint against him.  Soon thereafter, Defendant advised Ghidina that the ARDC complaint was imminent, prompting Ghidina to move to withdraw, via the motion now before this Court.

As noted above, as of the date the undersigned held the hearing on Ghidina's motion, no ARDC complaint had been filed (according to Mr. Ghidina, who had inquired directly with the ARDC).  But the filing – *or threatened filing* – of an ethical complaint within weeks of losing a pro se motion for appointment of new counsel is telling and more than a coincidence.  It is part of a pattern of Defendant's actions to manipulate the process and participants into forestalling the inevitable -- resolution of his case one way or the other.

The Sixth Amendment to the United States Constitution secures to defendants in all criminal prosecutions the right to the effective assistance of counsel.  And the Sixth

---

[2]     The complaint was received by the Missouri Office of Chief Disciplinary Counsel on December 31, 2014.  They handled the matter via informal resolution and closed the file by February 6, 2015.  By that time, Defendant had achieved what he admittedly desired – to move Gabel out of the case and have the Court appoint another lawyer (one he hoped would file the motions he wanted and focus on the issues he wanted to concentrate on for his defense strategy).

Amendment gives a defendant "who does not require appointed counsel the right to choose who will represent him." *United States v. Turner*, **594 F.3d 946, 948 (7th Cir. 2010)**, *citing Wheat v. United States*, **486 U.S. 153, 159 (1988).** The right to counsel of one's choice applies only when defendants retain (and pay for) their own counsel. The right to counsel *of choice* "does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez,* **548 U.S. 140, 151 (2006).**

Here, Defendant cannot afford to hire his own counsel; he needs appointed counsel. He does not have a right to counsel *of his choosing* and cannot fire attorneys at will and demand a replacement. Of course, the Sixth Amendment right to counsel includes the right to conflict-free counsel. *United States v. Smith*, **771 F.3d 1045, 1047 (7th Cir. 2014)**, *citing Wood v. Georgia,* **450 U.S. 261, 271 (1981).** *Accord Cuyler v. Sullivan*, **446 U.S. 335 (1980).** Defendant Suggs has a right to conflict-free counsel, but the record does not reveal a conflict requiring counsel's withdrawal (despite Defendant's efforts to manufacture one).

Nor is there a rift between Defendant and Ghidina so great that it has resulted in "a total lack of communication preventing an adequate defense." *United States v. Volpentesta*, **727 F.3d 666, 673 (7th Cir. 2013)**, *citing United States v. Harris*, **394 F.3d 543, 552 (7th Cir. 2005), and** *United States v. Bjorkman*, **270 F.3d 482, 500 (7th Cir. 2001).** The undersigned on several occasions questioned lawyer and client on this point. Yes, they continue to disagree over trial strategy, but they are communicating. Any communication failures are unilaterally sparked by Defendant, in an apparent effort to

force Ghidina off the case so the Court will have to appoint a third attorney (and – one week before trial – grant an eighth continuance so that lawyer can get up to speed).

Moreover, even for defendants who can afford to hire their own attorney (and thus enjoy the right to counsel *of choice*), a district "court retains wide latitude to balance the right to choice of counsel against the needs of fairness to the litigants and the demands of its calendar."  *United States v. Velazquez,* **772 F.3d 788, 797-98 (7th Cir. 2014).**  *See also United States v. Sellers,* **645 F.3d 830, 834 (7th Cir. 2011) ("trial courts have broad discretion to grant or deny a request for a continuance to substitute new counsel," and may balance a defendant's right to choice of counsel against the demands of the court's calendar).**

In *Velazquez,* retained defense counsel sought to withdraw from representing the defendant at sentencing, citing irreconcilable differences and his client's refusal to meet with him.  The defendant failed to appear for the hearing on that motion and for several other in-court status conferences (eventually being brought to court by the U.S. Marshals Service).  The district court denied the lawyer's motion to withdraw, and the defendant appealed on that issue, among others.  The Court of Appeals found no error in denial of the motion to withdraw, emphasizing:

> "The right to counsel of one's choice does not give [a defendant] the power to manipulate his choice of counsel to delay the orderly progress of his case."

*Velazquez,* **772 F.3d at 798,** *citing United States v. Carrera,* **259 F.3d 818, 825 (7th Cir. 2001).**

In *Carrera,* a week before trial, a defendant's court-appointed lawyers filed an emergency motion to withdraw as counsel on dual grounds – (1) they were told the defendant's family had retained private counsel for defendant, and (2) the rules of professional responsibility required their withdrawal.  The district court held a hearing the next day and questioned counsel and defendant.  The defendant insisted that he was not happy with his representation and wanted to hire other attorneys.  The judge denied the motion to withdraw, pointing out that a new attorney had yet not entered an appearance, trial was only a week away, and it was doubtful that any newly-entered lawyer could be ready for trial starting in six days.  The defendant ultimately was convicted.  On appeal, he argued that the district court violated his right to counsel by refusing to let the lawyers out and postpone the trial to allow him the opportunity to retain counsel of choice.

The Seventh Circuit rejected that argument.

> … it is clear that the district court did not violate Luis's right to counsel of choice by deciding to proceed with his trial.  The right to counsel of one's choice encompassed with in the Sixth Amendment is not absolute.… Although a person has the right to be represented by the counsel of his choice, "[t]his right is not absolute, but qualified, and must be balanced against the requirements of the fair and proper administration of justice.""

*Carrera,* **259 F.3d at 824-25,** *quoting Morris v. Slappy,* **461 U.S. 1, 11-12 (1983).**

The *Carrera* opinion distinguishes cases in which there is (or is not) a suggestion that the defendant is seeking new counsel in order to delay his trial.  The Seventh Circuit declared, *id.,* **259 F.3d at 825:**  "The untimely nature of [the] motion coupled with its close proximity to trial" made it reasonable for the district court to question

whether the defendant was attempting to delay the proceedings. The Court of Appeals concluded that the district court had not arbitrarily decided to get on with the trial.

In the case at bar, Defendant's threatened filing of an ARDC complaint against Ghidina just weeks before trial, on the heels of losing a pro se motion to replace Ghidina with a new lawyer, plainly suggests that Defendant is endeavoring to delay  trial. Given the procedural history, facts, and circumstances of this case – including, inter alia, both Mr. Gabel's representation and Mr. Ghidina's representation, Defendant's repeated pro se filings, Defendant's repeated requests for appointment of new counsel when his lawyers refused to file motions they believed to be frivolous, and the prior substitution of counsel obtained by filing an ethical complaint – a strong inference arises that Defendant is engaging in conduct to delay his trial and interrupt the proper administration of justice. That is what the Court finds is, in fact, occurring.

The Sixth Amendment does not safeguard a defendant's right to manipulate his relationship with counsel to "delay the orderly progress of his case." *Carrera,* **259 F.3d at 825.**[3] The Court will not allow Defendant to do so here. This Court has continued trial seven times (a record for the undersigned) -- six of which were on Defendant's motion and one on the request of the psychiatrist who was evaluating Defendant's

---

[3]    Illinois law reflects a similar test, holding that court may deny a motion for substitution of counsel "when it believes the defendant is abusing his sixth amendment right to delay the efficient administration of justice." *People v. Howard,* **876 N.E.2d 36, 50 (Ill. App. 2007),** *citing People v. Young,* **565 N.E.2d 309, 311 (Ill. App. 1990).** *See also People v. Burrell,* **592 N.E.2d 453, 459 (Ill. App. 1992) (right to counsel is fundamental but qualified; defendant may not unreasonably interfere with orderly process of judicial administration).**

competence, after Defendant moved for the evaluation on the day he was scheduled to enter a guilty plea, in the middle of the change of plea hearing.

Also bearing note is the fact that Defendant has alternately asked for (or caused) trial continuances and then complained that those continuances have violated his rights under the Speedy Trial Act, 18 U.S.C. 3161(h).  The Court is confident that the Act has been complied with herein and that Defendant's constitutional and statutory rights have not been contravened.  But the right to a speedy trial is not solely the Defendant's.  The public (and the government) have a right to timely resolution of this case.  Any further continuance -- which would occur if the Court appoints counsel now, less than one week before trial -- likely would infringe that right.  *See, e.g., Zedner v. United States*, **547 U.S. 489, 500-01 (2006) (The Speedy Trial Act was not "designed solely to protect a defendant's right to a speedy trial," but also "with the public interest firmly in mind," which is why a defendant cannot prospectively waive application of the Act for indefinite period or "for all time");** *United States v. Kamel,* **965 F.2d 484, 498 (7th Cir. 1992) ("Indeed, under the Speedy Trial Act, … the government, in advancing the public interest, has an equal right with a defendant to obtain the prompt disposition of a criminal prosecution").**

Additionally, the Court is mindful of the rights of the alleged young victims in this case.  They have repeatedly prepared for a trial they learn has been put off again.  It has been nearly two years since the events at issue herein, and these individuals have an undeniable interest in this case being wrapped up once and for all.

Having carefully considered the record, the Court concludes that there is no ground requiring Mr. Ghidina's withdrawal and that Defendant's threatened ARDC complaint against Ghidina is an unjustified, unreasonable tactic to stall the trial and interfere with the orderly administration of justice.  The undersigned also concludes that if he let Mr. Ghidina withdraw and appointed a third defense lawyer, the situation would not improve – Defendant would find fault with the new lawyer and, eventually, seek to replace him or her, postponing trial even further.

For all these reasons (and those stated on the record in open court on April 15th), the Court **DENIES** the motion to withdraw as counsel (Doc. 85).  Trial will proceed next week, as set.

IT IS SO ORDERED.

DATED April 18, 2016.

**s/ Michael J. Reagan**
Michael J. Reagan
United States District Judge