IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cr-30142-MJR |
| ) | |
| JOSEPH SUGGS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

REAGAN, Chief Judge:

On April 26, 2016, a jury convicted Joseph Suggs (Defendant) of two counts of production of child pornography and one count of attempted production of child pornography. Sentencing is set for September 8, 2016. No judgment has been entered. On May 4, 2016, Defendant's lawyer (CJA Panel Attorney Michael Ghidina) filed a motion for new trial on Defendant's behalf (Doc. 100). The Court has set a briefing schedule on the motion for new trial (culminating in a June 17, 2016 reply brief).

On May 6, 2016, Defendant filed a pro se "Motion for Appointment of Appeals Attorney/Motion for Direct Appeal" (Doc. 102).[1] Defendant states that on April 27, 2016, he sent a letter to his lawyer expressing a desire to file an appeal herein, and as of only five days later, Defendant had not received a response. Defendant asks the undersigned District Judge to (a) appoint a lawyer to represent Defendant on appeal

---

[1] In several prior Orders in this case, the undersigned advised Defendant that as a litigant represented by counsel, he could not file pro se pleadings. Because the May 6, 2016 filing related to (and expressed confusion regarding) the timing for filing a direct appeal, the Court permitted the clerk's office to file the motion.

(Doc. 102, p. 1), and (b) extend the time to *file* an appeal (Doc. 102, p. 2). The Court **DENIES the motion** for the following reasons.

First, as to the request for more time to file a notice of appeal, no extension as needed. The time period for filing an appeal has not yet started to run. Federal Rule of Appellate Procedure 4(b)(1) provides that in a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of the judgment being appealed or the filing of the government's notice of appeal. Here, no judgment has been entered. Defendant has not yet been sentenced, and judgment will be entered after sentence is imposed.

Plus, defense counsel filed a motion for a new trial. Federal Rule of Appellate Procedure 4(b)(3)(A) provides that if a defendant timely files a motion for new trial, the notice of appeal must be filed within 14 days after the entry of the order disposing of that motion *or* within 14 days after the entry of the judgment of conviction, *whichever period ends later*. In this case, no judgment has been entered, the new trial motion has not yet been ruled on, and the clock for filing an appeal has not started to run. So there is no need to grant Defendant's pro se request for an extension of the appeal deadline.

As to the request for appointment of a lawyer on appeal, once judgment has been entered and an appeal is filed (neither of which has occurred yet), only the Court of Appeals can appoint new counsel for purposes of appeal. ***See, e.g., United States v. Flowers,*** 789 F.2d 569, 570 (7th Cir. 1986)(per curiam); ***Corral v. United States,*** 498 F.3d 470, 474 (7th Cir. 2007).

Similarly, Circuit Rule 51 provides (emphasis added):

Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal **unless specifically relieved by the court of appeals** upon a motion to withdraw. Such relief shall be freely granted.

Simply put, the undersigned lacks the authority to appoint new counsel to handle the appeal. That request must be made to the Seventh Circuit, once this Court enters judgment and a notice of appeal has been filed.

IT IS SO ORDERED.

DATED May 13, 2016.

                                              **s/ Michael J. Reagan**
                                              Michael J. Reagan
                                              United States District Judge