IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cr-30142-MJR |
| ) | |
| JOSEPH SUGGS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

An April 2016 jury trial resulted in guilty verdicts against Joseph Suggs (Defendant) on two charges of producing child pornography and one charge of attempting to produce child pornography, violations of 18 U.S.C. 2251(a) and (e). Suggs, who was not financially able to retain counsel, was represented initially by Assistant Federal Public Defender Tom Gabel. In February 2015, the Court granted Mr. Gabel's motion to withdraw as defense counsel and appointed Criminal Justice Act panel attorney Michael Ghidina to represent Suggs. Mr. Ghidina vigorously, professionally, and patiently represented Defendant Suggs through motion hearings, an aborted change of plea hearing, a competency hearing, a final pretrial conference, two jury instruction conferences, and trial.

Mr. Ghidina also filed a motion for new trial on Suggs' behalf. The undersigned denied the motion for new trial on July 14, 2016. Sentencing was set for September 8, 2016. Mr. Ghidina zealously advocated on Suggs' behalf regarding sentencing issues,

1

filing an objection to the presentence investigation report and a response to the United States' sentencing memo.  Sentencing proceeded on September 8, 2016.  The Probation Office recommended a sentence of 1080 months.  The United States Attorney's Office suggested that a sentence of 360 month.  Mr. Ghidina advocated for a sentence well below both of those, in the 180-to-235-month range (Doc. 126, p. 2).  The undersigned imposed a sentence of 240 months.  Defendant Suggs voiced his desire to appeal, and a notice of appeal has been prepared and will be timely filed (*see* Fed. R. App. Proc. 4(b)(1)(A)(i)).

After the September 8, 2016 hearing, with sentence imposed but judgment not yet entered on the docket, Mr. Suggs filed a *letter* in the Clerk's Office.  The letter is captioned as a "Pro Se (PostTrial) Letter of Ineffective Assistance" and criticizes a variety of actions taken by Mr. Gabel and Mr. Ghidina throughout the litigation in this Court.  Suggs asserts that the police lacked probable cause for his investigatory stop and arrest, that a search of his belongings was illegal, that his appointed lawyers were ineffective in challenging this, and that various errors throughout the case and trial have resulted in a "complete miscarriage of justice" (Doc. 130, pp. 1-3).  The letter culminates in the request for the Court to *set a hearing* and to *appoint new counsel* to represent Defendant Suggs (*id.*, p. 5).

The Court **DENIES** in part and **DENIES for lack of subject matter jurisdiction** in part Suggs' post-sentencing letter/motion (Doc. 130).  There is no longer any matter pending before this Court on which to set a hearing or appoint another lawyer.  Sentence has been imposed.  Although the judgment (in draft and under review) has

not yet been entered on the docket, the case is finished in this Court. It is clearly established that "[o]nce a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *United States v. Goode,* 342 F.3d 741, 743 (7th Cir. 2003). *See also United States v. Johnson,* 571 F.3d 716, 717 (7th Cir. 2009). So, a district court cannot revisit or modify a sentence it imposed (other than in a narrow class of cases, such as correction of a clear math error under Federal Rule of Criminal Procedure 35, or where the U.S. Sentencing Commission has lowered the applicable guideline range). Suggs does not directly attack his sentence, but he raises issues that are not properly presented here at this juncture.

Simply put, trial concluded five months ago, a new trial motion was denied, sentence was imposed, and it is too late for this Court to set a hearing on or otherwise address challenges to the search and seizure related to Suggs' arrest or the "serious errors" he says occurred before and during trial. He may be able to present some of these claims on direct appeal with the Seventh Circuit. Other claims (like ineffective assistance of counsel, which appears to be the gravamen of the September 8th letter) may be more properly presented in a timely petition under 28 U.S.C. 2255, *after* his direct appeal to the Seventh Circuit is completed.

As to appointment of a new lawyer on appeal, that will be handled by the Court of Appeals. As Suggs was informed in a prior Order in this case, only the Court of Appeals can appoint new counsel for purposes of appeal. *See, e.g., United States v. Flowers,* 789 F.2d 569, 570 (7th Cir. 1986)(per curiam); *Corral v. United States,* 498 F.3d 470, 474 (7th Cir. 2007). *See also* SEVENTH CIRCUIT RULE 51.

For all these reasons, the Court **DENIES** the relief requested in Suggs' pro se September 8, 2016 letter (Doc. 130).

IT IS SO ORDERED.

DATED September 13, 2016.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
